ALBAN YOUNG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

CHARLES B. YOUNG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

CLARENCE A. YOUNG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

DAVID M. YOUNG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 8044–8047.  Promulgated September 12, 1927.

Evidence *held* insufficient to establish value of stock at March 1, 1913, in excess of value determined by respondent.

*P. M. MacCutcheon, Esq.*, for the petitioners.
*L. C. Mitchell, Esq.*, for the respondent.

These are proceedings for the redetermination of deficiencies in income taxes for the year 1919 as follows: In the case of Alban Young (Docket No. 8044), $2,528.59; in the case of Charles B. Young (Docket No. 8045), $704.33; in the case of Clarence A. Young (Docket No. 8046), $631.04; and in the case of David M. Young (Docket No. 8047), $1,287.13. The only question at issue in each case is the fair market value of the stock of the American Steam Laundry Co. at March 1, 1913. Each petitioner above named was a stockholder in the corporation, and since each case involves the same issue, and none other, they were consolidated for hearing and decision.

#### FINDINGS OF FACT.

In 1900, the petitioners Alban Young and David M. Young started a laundry business in the City of Charleston, W. Va., under the name of American Steam Laundry. About a year later, Alban Young bought out the interest of his brother, David M. Young, and

continued to operate the laundry as sole owner until 1905, in which year he was offered $5,000 for the business. At that time, his three brothers, petitioners herein, desiring to come into the business, Alban Young decided not to sell out but to incorporate and continue the enterprise, which was done under the name of the American Steam Laundry Co. The company had a capital stock of $5,000, of which seven-twelfths was issued to Alban Young for the assets turned over by him to the corporation. The balance of the stock was issued to the petitioners Charles B., Clarence A., and David M. Young, who paid in to the corporation money in an aggregate amount equal to five-twelfths of the appraised value of the assets contributed by Alban Young.

Some time prior to 1913, petitioners purchased a lot which they sold later at a profit of $5,000 to $8,000, which they put into the laundry business and used to buy additional equipment. Money was also borrowed from the banks from time to time with which to purchase additional equipment, and the loans were paid back out of earnings, but no additional capital was otherwise contributed to the corporation. No dividends were paid on the stock prior to 1916, and from 1905 to 1913 the three stockholders, Alban, Charles B., and David M. Young, who devoted their entire time to the business, were paid weekly salaries ranging from $9 to $25. Petitioner Clarence A. Young was not employed by the company, and drew no salary out of the business.

Prior to 1917, the corporation kept no books of any kind or records of its business, other than to place in an alphabetical file unpaid laundry slips.

In 1919 petitioners sold their stock in the American Steam Laundry Co. for $90,000, retaining cash on hand in the amount of $471.31, supplies of the value of $2,570.24, and accounts receivable of $3,630.72, making a total of $96,672.27. They paid a commission of $4,500 in connection with the sale, and assumed accounts payable in the amount of $1,209.55; bills payable, $8,000; refunds, $380.26; bank overdrafts, $2,068.70; taxes, $838.38; and officers salaries of $4,297, leaving the net amount received from the sale of stock and business of $75,378.38.

The cost of the stock in question was less than the March 1, 1913, value.

At the time of sale in 1919, Alban Young owned five-twelfths of the stock, David M. Young owned three-twelfths, Charles B. Young owned two-twelfths, and Clarence A. Young owned two-twelfths.

Prior to 1913, the earnings from the business were only sufficient to pay small salaries to the active stockholders for living expenses, and amounts borrowed from the bank. In 1919, the business was very prosperous, and the amounts of gross income and earnings were

greatly increased. In 1913, the gross income of the corporation was approximately $22,000, while for the year 1918 the gross income was approximately $88,000. For the seven months period ended August 1, 1919, the gross income was $49,000.

OPINION.

TRAMMELL: The sole issue raised in these proceedings is the March 1, 1913, value of the American Steam Laundry Co.'s stock. The respondent has determined that said stock had a fair market value on said date of $20,000, whereas petitioners contend that the stock had a value at that time of $45,000.

We are not informed by the evidence as to the value of the corporate assets at the basic date, nor the amount of the net earnings of the corporation at that time. No books of account or records of its business were kept by the corporation prior to 1917, and we have no information as to what is shown by the books opened in that year. The American Steam Laundry Co. appears to have been a close corporation, all of its stock being owned from organization to the date of sale in 1919 by the four brothers who are the petitioners herein. None of the stock was sold prior to 1919, and the evidence with respect to the total amount of money invested in the business or the value of the assets at any time is very uncertain and indefinite.

The evidence in the record does not convince us that the stock had any value in excess of that determined by the respondent. Accordingly, the determination of the respondent is approved.

*Judgment will be entered for the respondent.*

Considered by SIEFKIN and MORRIS.